# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DENISE FARAHMAND,<br><br>    Plaintiff,<br><br>vs.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>    Defendants. | CASE NO.: 2:19-cv-02977 SVW-JC<br><br>District Judge.    Stephen V. Wilson<br>Magistrate Judge:  Jacqueline Chooljian<br><br>**ORDER ON FINDINGS OF LAW AND FACT**<br><br>Action Filed:    March 14, 2019<br>Trial:    September 18, 2019<br><br>\*\*Note additions made by Court.\*\* |

Defendant Jaguar Land Rover North America, LLC hereby submits the following Proposed Findings of Law and Fact pursuant to this Court's September 19, 2019 Minute Order Granting Judgment in Favor of Defendants.

///
///
///
///
///

## FINDINGS OF FACT

1. Plaintiff's husband leased the subject vehicle, a used 2017 Range Rover, VIN SALGR2FK6HA344004, from Jaguar Land Rover Newport Beach on May 7, 2017.

2. A Jaguar Land Rover North America, LLC ("JLRNA") New Vehicle Limited Warranty accompanied the lease.

3. Plaintiff's complaint that the diesel particulate filter in the subject vehicle filled with soot, requiring regeneration of the filter or replacement of the filter, is not a defect or nonconformity.

4. By design, the diesel particulate filter requires higher-speed driving to properly regenerate soot accumulated in the filter.

5. JLRNA demonstrated that the diesel particulate filter is able to regenerate accumulated soot.

6. All of the concerns Plaintiff complained of were caused by Plaintiff's driving habits.

7. The Court found that Plaintiff's assertions that she had driven the subject vehicle in the manner specified in the Owner's Handbook lacked credibility.

8. The Court additionally found the evidence presented regarding the vehicle's trip data that indicated Plaintiff had drive substantial distances while the diesel particulate filter indicated high-speed driving was required to regenerate further discredited Plaintiff's testimony.

7. There are no defects or nonconformities in the subject vehicle's diesel particulate filter or associated components covered by the JLRNA warranty.

## FINDINGS OF LAW

1. JLRNA provided a limited express warranty covering defects in manufacturing or workmanship in the 2017 Range Rover.

2. Plaintiff failed to meet her burden to show that the vehicle was not of the same quality as those generally acceptable in the trade.

3. Plaintiff failed to meet her burden to show that the 2017 Range Rover had a nonconformity covered by the express warranty that substantially impaired the use, value or safety of the 2017 Range Rover.

4. JLRNA met its burden to show that any substantially impairing nonconformity which may have been present in the 2017 Range Rover was caused by Plaintiff's unauthorized or unreasonable use.

5. Plaintiff failed to establish a breach of JLRNA's obligations under an implied warranty.

6. Plaintiff failed to establish a breach of JLRNA's obligations under the express warranty.

7. Plaintiff failed to establish a violation by JLRNA of its obligations under the Song-Beverly Act.

8. Plaintiff is not entitled to any damages under her breach of implied warranty cause of action.

9. Plaintiff is not entitled to any damages under her breach of express warranty cause of action.

10. Plaintiff is not entitled to any damages under her cause of action for violation of the Song-Beverly Act.

DATED: October 3, 2019   By: /s/ Stephen V. Wilson
**STEPHEN V. WILSON**
**U.S. DISTRICT JUDGE**